UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY   HUFFMAN,   ANGELA
VEACH,

      Plaintiffs,

v.                                  Case No:  2:25-cv-860-JES-NPM

FEDERAL EMERGENCY MANAGEMENT
AGENCY, a subdivision of the
United   States   Federal
Government,   and   WRIGHT
NATIONAL   FLOOD   INSURANCE
COMPANY,

      Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant Wright National Flood Insurance Company's (Wright) Rule 12(b)(1) Motion to Dismiss (Doc. #13) filed on December 1, 2025. Plaintiffs filed a Response (Doc. #21) on January 21, 2026, and Wright filed a Reply (Doc. #28) with leave of Court. Defendant Federal Emergency Management Agency (FEMA) has not been served with process or appeared in the case. For the reasons set forth below, the motion is denied.

**I.**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of an action if a court lacks subject-matter jurisdiction. "A dismissal for lack of subject matter jurisdiction

is not a judgment on the merits and is entered without prejudice." Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) (citing Crotwell v. Hockman-Lewis Ltd., 734 F.2d 767, 769 (11th Cir. 1984)).

Wright makes a "factual attack" on jurisdiction, challenging "the existence of subject-matter jurisdiction irrespective of the pleadings," which allows the Court to consider "extrinsic evidence." Kennedy v. Floridian Hotel, Inc., 998 F.3d 1221, 1230 (11th Cir. 2021). When evaluating such a jurisdictional attack, the Court "may proceed as it never could at summary judgment and is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id.

## II.

The Court makes the following findings of fact based on the pleadings and materials submitted by the parties:

1. United Property and Casualty Company (UPC), while acting as a "Write Your Own" (WYO) insurance carrier, issued a flood insurance policy, No. 87062739592022 effective July 22, 2022, to July 22, 2023, insuring the property owned by plaintiffs and located at 1210 La Faunce Way, Fort Myers, Florida 33919.

2. The Policy is a National Flood Insurance Program ("NFIP") Standard Flood Insurance Policy ("SFIP") providing a building coverage of $250,000, and contents coverage of $23,000.

3.  On September 28, 2022, Hurricane Ian caused flood damage to the property.

4.  Plaintiffs submitted notice of a flood loss claim for coverage to UPC under the policy.

5.  On October 7, 2022, UPC inspected to property.  The adjuster with Pilot Flood Management estimated the loss as $113,515.02, for building damages, after considering depreciation and deductibles, and $23,000, for contents damage.

6.  UPC issued payments for the estimated amounts on the building and for contents.

7.  Plaintiffs' proof of loss submitted showed $283,297.61, worth of building damage, an amount in excess of the estimate.

8.  UPC did not respond to plaintiffs' representative regarding the damage repair costs exceeding the estimate prepared by adjusters.

9.  In 2023, Wright, as a WYO carrier, assumed the rights, obligations, liability for the policy issued by UPC.

10. Wright received the claim and policy files from UPC, but the records do not contain any correspondence issued by UPC or Wright denying plaintiffs' claim in whole or in part.

11. Wright also did not respond to plaintiffs' representative's prior communications to UPC.

12. Wright has not further compensated plaintiffs for the flood loss claim.

The Complaint seeks a declaratory judgment that an actual controversy exists regarding Wright's obligations under the policy (Count I) and alleges a breach of contract against Wright (Count III[1]) for failing to pay the full damages sustained. The Complaint alleges "[a]ny conditions precedent under the Flood Policy have been satisfied, waived, or Defendant is estopped from denying or limiting coverage based on any alleged failure to satisfy any conditions precedent."  (Doc. #1 at ¶ 21.)

## III.

Wright seeks to dismiss plaintiffs' claims because it has no evidence of a denial of plaintiffs' claims by UPC or Wright, and therefore Wright argues that there is no ripe case or controversy. Wright states that plaintiffs have provided no document from either UPC or Wright denying the claims.  Wright therefore believes plaintiffs' claims have not yet accrued.

The ripeness doctrine stems from the jurisdictional requirement of a "case" or "controversy" under Article III of the United States Constitution.  DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006).  "The ripeness inquiry requires a

---

[1] The Complaint alleges a Count II for breach of contract against FEMA and a Count II for breach of contract against Wright, which will be construed as a Count III.

- 4 -

determination of (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration." Digital Properties, Inc. v. City of Plantation, 121 F.3d 586, 589 (11th Cir. 1997). "If a case is not ripe for adjudication, the court will lack subject matter jurisdiction over the case." Yacht Club on the Intracoastal Condo. Ass'n, Inc. v. Lexington Ins. Co., 509 F. App'x 919, 921 (11th Cir. 2013).

Wright asserts that this case is not ripe for adjudication because plaintiffs have failed to comply with the Policy, which includes a SFIP Dwelling Form requiring a written denial before suit:

> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit **within one year after the date of the written denial of all or part of the claim**, and you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

(Doc. #13-1, p. 25) (emphasis added). "[T]he insured must adhere strictly to the requirements of the standard federal flood insurance policy before any monetary claim can be awarded against the government." Sanz v. U.S. Sec. Ins. Co., 328 F.3d 1314, 1318 (11th Cir. 2003). This Policy provision mirrors the federal statute, under which WYO carriers like Wright are "authorized to

- 5 -

adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance … the claimant, within one year after the date of mailing of notice … may institute an action against the Administrator on such claim….” 42 U.S.C. § 4072.

Plaintiff agrees that the denial letter is a “jurisdictional prerequisite to suit under the SFIP,” but insists that this case requires a different approach because the parties are unaware if there was a denial letter or even if UPC delivered a completed file to Wright.  (Doc. #21, p. 3.) Plaintiff suggests that discovery is warranted to resolve the issue.  Id.

The Declaration of Sarah Brandeberry, a Litigation Manager for Wright, simply states that “Wright's records do not contain any correspondence issued by UPC or Wright denying Plaintiffs' claim in whole or in part.”  (Doc. #13-3 at ¶ 13.)  Noticeably absent from the Declaration is any indication that Wright is still working on the claim. Plaintiffs filed the Policy Declarations page with the Complaint, Doc. #1-4, but the Court has no copy of the proof of claim, any correspondence from either party regarding the estimate of the adjuster or what payments were made, or confirmation that a denial letter was issued or not issued.  The record suggests that Wright has taken no action since assuming the policy from UPC to deny plaintiff's claim, leaving it open but

unresolved.

It is certainly the general rule that a suit alleging a breach of the SFIP is not ripe until the insurer issues a written denial. However, "[a]t least in the context of flood insurance, an insurer who fails to allow or disallow any portion of a claim has, by its inaction, created a controversy which is ripe for adjudication." Kratofil v. Am. Strategic Ins. Corp., No. 2:24-CV-1163-JES-NPM, 2025 WL 1068826, at *3 (M.D. Fla. Apr. 8, 2025) (Steele, J.). See also Altman v. Napolitano, No. 10-cv-487, 2013 WL 788452, *1 (S.D. Tex. 2013) (plaintiff should be able to consider non-payment as the denial of the proof of loss for purposes of filing suit, otherwise the insurer could simply withhold a written denial forever). A subsequent Middle District of Florida case found Kratofil distinguishable because the insurer paid *nothing* to the plaintiff on the claim. Wakem v. First Cmty. Ins. Co., No. 2:24-cv-1088-JLB-KCD, 2025 WL 4087718, at *2 (M.D. Fla. Aug. 25, 2025). The Court finds that the partial payment made in this case does not give the insurer license to do nothing to completely resolve a case and assert there is no ripe claim.

Accordingly, it is now

**ORDERED:**

1. Defendant Wright National Flood Insurance Company's (Wright) Rule 12(b)(1) Motion to Dismiss (Doc. #13) is

**DENIED.**

2. Plaintiff shall show cause within **SEVEN (7) DAYS** of this Opinion and Order why FEMA should not be dismissed without prejudice for failure to prosecute.

**DONE AND ORDERED** at Fort Myers, Florida, this ___28th___ day of April 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Parties of record

- 8 -